UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF FLORIDA
CASE NO.:

PATRICK V. MORRIS,

    Plaintiff,

v.

OLIVE AVENUE STAFFING, LLC d/b/a KOLTER
HOSPITALITY, a Florida Limited Liability Company

    Defendant.

_____/

## COMPLAINT

Plaintiff, PATRICK V. MORRIS ("MORRIS" or Plaintiff), by and through his undersigned counsel, hereby files this Complaint against Defendant, OLIVE AVENUE STAFFING, LLC d/b/a KOLTER HOSPITALITY (hereinafter, "Kolter" or "Defendant") and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat., and the Private Whistleblower Protection Act, pursuant to Florida Statutes §448.101 and §448.102.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the

1

actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of St. Lucie County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as an Executive Housekeeper.

6. Plaintiff was associated with Black housekeeping employees and is a member of a class protected under the Title VII and the FCRA because the terms, conditions, and privileges of his employment were altered because of his association with black employees.

7. Defendant Kolter is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Palm Beach County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)). Defendant is therefore also an "employer" as defined under Fla. Stat. §448.101.

9. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed his charge on or about August 7, 2018, which was no more than 365 days after the last discriminatory event occurred, to wit: August 18, 2017.

11. Plaintiff was issued a Notice of Suit Rights on December 3, 2019. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12. Plaintiff worked for Defendant as an Executive Housekeeper at the Hyatt Place in downtown West Palm Beach (the "Hotel") from December 27, 2016 until his termination on or about August 18, 2017. During Plaintiff's employment with Defendant, he reported directly to General Manager of the Hotel, Bobby Copeland, and Jessica Zehetmaier was the Corporate Human Resources Manager.

13. During Plaintiff's employment with Defendant, Plaintiff witnessed constant disparate treatment of black housekeeping employees by Copeland. Specifically, Copeland wrongfully accused black employees of stealing, refused to order uniforms for black housekeeping hosts, required only colored housekeeping staff to write their national origin on their name tags, stated that he had an antipathy for people of Haitian culture in front of Plaintiff, and made derogatory comments on black housekeeping hosts.

14. Zehetmaier was aware of Copeland's animus against and disparate treatment of black employees, but no corrective action was taken. Instead, Zehetmaier advised Plaintiff that he was not hard enough on the Haitian housekeeping employees, that he was too nice to them.

15. Plaintiff refused to participate in Copeland's discriminatory practices against black employees, objected that Copeland's behaviors against black housekeeping staff were discriminatory, and Plaintiff showed support for equal treatment of black housekeeping staff.

16. Nonetheless, the discrimination against black housekeeping staff did not improve, and Defendant retaliated against Plaintiff for objecting to and/or refusing to participate in discrimination on the basis of race and national origin and supporting black housekeeping staff.

17. As a result, Plaintiff received unsubstantiated Performance Expectations, addressing Plaintiff's alleged performance issues, which eventually lead to Plaintiff's termination.

18. Based on Plaintiff's knowledge and belief, he was wrongfully discharged by Defendant, but Plaintiff did not realize until almost a year later that he was discriminated against due to his association with and support for black housekeeping employees, and that he was retaliated against due to his refusal to participate in and objection to Defendant's discriminatory action against black housekeeping employees. Shortly after this revelation, Plaintiff submitted his Charge of Discrimination to the EEOC.

19. Defendant had no legitimate, non-discriminatory reason for terminating Plaintiff. However, even if Defendant could proffer a reason for terminating Plaintiff, his association with black housekeeping employees, and/or his refusal to participate in and objection to Defendant's discriminatory action against black housekeeping employees was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff's employment.

20. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

21. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I – PRIVATE WHISTLEBLOWER PROTECTION ACT**

22. Plaintiff re-alleges and re-avers paragraphs 1 – 21 as fully set forth herein.

23. This is an action for damages under the Private Whistleblower Protection Act, pursuant to Florida Statutes §448.101 and §448.102, in taking retaliatory personnel action against Plaintiff for refusing to participate in and/or objecting to violations of Florida Statutes and Federal Laws.

24. Plaintiff refused to participate in and objected to Copeland's discriminatory action against black housekeeping employees, which violated the FCRA and Title VII.

25. Defendant, through Copeland and Zehetmaier, ignored Plaintiff's objections, but reprimanded and eventually terminated Plaintiff.

26. As a direct result of Plaintiff's refusal to participate in and objections to violations of Florida Statutes and Federal Laws, Plaintiff was reprimanded and terminated.

27. At all times during the course of his employment with Defendant, Plaintiff's work performance has been more than satisfactory. Plaintiff had no reprimands, verbal or written, in his employee file prior to his refusal to participate in and objection to Defendant's violations of Florida Statutes and Federal Laws.

28. Under the Private Whistleblower Protection Act, Plaintiff is protected from adverse employment action against him for refusing to participate in and objecting to violations of FCRA and Title VII.

29. By reason of Kolter's effective wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages, benefits, and has suffered emotional distress.

30. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights under Florida's Private Whistleblower Protection Act.

WHEREFORE, Plaintiff PATRICK V. MORRIS requests judgment as follows:

    a. Compensation to Plaintiff for lost wages, benefits, and other remuneration;

b. Liquidated damages;

c. Assessment against Defendant of reasonable costs and attorney's fees for this action pursuant to Fla. Stat. §448.104; and

d. Such other and further relief as the Court deems just and proper.

### COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (DISCRIMINATION BASED ON RACE)

31. Plaintiff re-alleges and re-avers paragraphs 1 – 21 as fully set forth herein.

32. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000e for damages caused by Defendant's discrimination against Plaintiff on the basis of race by association.

33. Plaintiff is a member of a protected class because of his association with and support of black housekeeping employees.

34. Plaintiff refused to participate in Copeland's discriminatory practices against black employees, objected that Copeland's behaviors against black housekeeping staff were discriminatory, and showed support for equal treatment of black housekeeping staff.

35. Plaintiff was advised that he was terminated because of performance issues, which is pretextual.

36. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's association with and support of black housekeeping employees was, at minimum, a motivating factor in Defendant's decision for his termination.

37. Defendant's managers, Copeland and Zehetmaier, acted with intentional disregard for Plaintiff's rights to associate with and support people of a protected class, protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Copeland, and/or other employees.

38. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

39. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff PATRICK V. MORRIS requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (RETALIATION)

40. Plaintiff re-alleges and re-avers paragraphs 1 – 21 as fully set forth herein.

41. Plaintiff brings this action for retaliation in violation of Title VII.

42. Plaintiff complained to Copeland that his behaviors against black housekeeping staff were discriminatory, and showed support for equal treatment of black housekeeping staff.

43. As a result of his complaint with Copeland, Plaintiff received unsubstantiated reprimands and was eventually terminated.

44. Plaintiff was advised that he was terminated because of performance issues, which is pretextual.

45. Plaintiff's termination constitutes an adverse employment action under Title VII.

46. Defendant's actions were done with malice, and with disregard for Plaintiff's protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Copeland and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff PATRICK V. MORRIS requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not

been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT IV: VIOLATION OF THE FCRA
### (DISCRIMINATION BASED ON RACE)

47. Plaintiff re-alleges and re-avers paragraphs 1 – 21 as fully set forth herein.

48. Plaintiff brings this action under the FCRA. § 760.01 *et seq.*, for damages caused by Defendant's unlawful employment practices against Plaintiff.

49. Plaintiff is a member of a protected class because of his association with and support of black housekeeping employees.

50. Plaintiff refused to participate in Copeland's discriminatory practices against black employees, objected that Copeland's behaviors against black housekeeping staff were discriminatory, and showed support for equal treatment of black housekeeping staff.

51. Plaintiff was advised that he was terminated because of performance issues, which is pretextual.

52. The action taken by Defendant by and through its managers, and/or agents, were done because of Plaintiff's association with and support of Black housekeeping employees.

53. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's association with and support of black housekeeping employees was, at minimum, a motivating factor in Defendant's decision for his termination.

54. Plaintiff's termination constituted an adverse employment action under FCRA.

55. Defendant's managers acted with intentional disregard for Plaintiff's rights to associate with and support people of a protected class under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its general manager, and/or other employees.

56. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

57. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff PATRICK V. MORRIS requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V: VIOLATION OF FCRA
## (RETALIATION)

58. Plaintiff re-alleges and re-avers paragraphs 1 – 21 as fully set forth herein.

59. Plaintiff brings this claim for retaliation in violation of FCRA.

60. Plaintiff complained to Copeland that his behaviors against black housekeeping staff were discriminatory, and showed support for equal treatment of black housekeeping staff.

61. As a result of his complaint with Copeland, Plaintiff received unsubstantiated reprimands and was eventually terminated.

62. Plaintiff was advised that he was terminated because of performance issues, which is pretextual.

63. Plaintiff's termination constitutes an adverse employment action under FCRA.

64. Defendant's actions were done with malice, and with disregard for Plaintiff's protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Copeland and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff PATRICK V. MORRIS requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff PATRICK V. MORRIS hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 21, 2020

                                                LAW OFFICES OF CHARLES EISS, P.L.
                                                Attorneys for Plaintiff
                                                7951 SW 6th Street, Suite 112
                                                Plantation, Florida 33324
                                                (954) 914-7890 (Office)
                                                (855) 423-5298 (Facsimile)

By:    /s/ Charles M. Eiss
           CHARLES M. EISS, Esq.
           Fla. Bar #612073
           chuck@icelawfirm.com
           TIEXIN YANG, Esq.
           Fla. Bar #1010651
           tiexin@icelawfirm.com